# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| GABRIELLA KERTÉSZ, an individual,<br><br>Appellant,<br><br>v.<br><br>BOB FERGUSON, Attorney General of the State of Washington,<br><br>Respondent. | No. 85872-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Gabriella Kertész sued the Washington Attorney General Bob Ferguson, alleging he failed to enforce a statute related to actions for injuries resulting from health care. Kertész appeals the denial of three orders: (1) her motion for summary judgment, (2) her petition for injunctive and declaratory relief, and (3) her motion to strike affirmative defense. Because the trial court granted Kertész's motion to dismiss her complaint with prejudice and without costs under CR 41(a)(1)(A), we dismiss her appeal.

I

On May 24, 2023, Kertész sued Ferguson alleging failure to enforce RCW 7.70.060 which provides for consent form contents related to actions for injuries resulting from health care. Kertész sought declaratory relief and an order directing Ferguson to enforce RCW 7.70.060. On May 25, 2023, Kertész moved for summary judgment. Kertész also moved to strike the defense of sovereign immunity and for an order shortening time.

The trial court denied the petition for declaratory judgment, denied the motion for summary judgment, and denied the motion to strike Ferguson's affirmative defense.

On September 11, 2023, Kertész asked the court "to grant an order of Dismissal with prejudice and without costs at the earliest opportunity." Based on the parties' stipulation, on September 25, 2023, the trial court granted Kertész's motion and dismissed the case with prejudice and without costs.

Kertész appeals.

II

Ferguson asks that we dismiss Kertész's appeal because the underlying matter was dismissed with prejudice. We agree.

Kertész sought and obtained a stipulated dismissal of her case with prejudice and without costs. A voluntary dismissal with prejudice functions as a final judgment in favor of the defendant. Elliott Bay Adjustment Co., Inc., v. Dacumos, 200 Wn. App. 208, 213, 401 P.3d 473 (2017). Because the case was dismissed, Kertész cannot revive claims that she voluntarily gave up by appealing the ruling that the trial court entered prior to the dismissal with prejudice.

We dismiss the appeal.

_____
Mann, J.

WE CONCUR:

_____        _____
Hazelrigg, A.C.J.                 Smith, C.J.

-2-